UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| PHUC LE, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>DORA GONZALEZ,<br><br>    Defendant. | Case No. 5:17-cv-04514-HRL<br><br>**ORDER FOR REASSIGNMENT TO A DISTRICT JUDGE**<br><br>**REPORT AND RECOMMENDATION RE REMAND TO STATE COURT** |

    Defendant Dora Gonzalez seeks to remove this unlawful detainer action from the Santa Clara County Superior Court. Having reviewed the record, and for the reasons stated below, the undersigned recommends that this matter be remanded to the state court for lack of federal subject matter jurisdiction.

    Removal to federal court is proper where the federal court would have original subject matter jurisdiction over the complaint. 28 U.S.C. § 1441. The removal statutes are strictly construed against removal and place the burden on the defendant to demonstrate that removal is proper. Moore-Thomas v. Alaska Airlines, Inc., 553 F.3d 1241, 1244 (9th Cir. 2009) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). Additionally, the court has a continuing duty to determine whether it has subject matter jurisdiction. Fed. R. Civ. P. 12(h). A case must be remanded to the state court if it appears at any time before final judgment that the court lacks

subject matter jurisdiction. 28 U.S.C. § 1447(c).

### Federal Question Jurisdiction

Defendant fails to show that removal is proper based on any federal law. Federal courts have original jurisdiction over civil actions "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A claim "arises under" federal law if, based on the "well-pleaded complaint rule," the plaintiff alleges a federal claim for relief. Vaden v. Discovery Bank, 129 S. Ct. 1262, 1272 (2009). Defenses and counterclaims asserting a federal question do not satisfy this requirement. Id. Here, the notice of removal says that defendant's civil rights have been violated. However, allegations in a removal notice or in a response to the complaint cannot provide this court with federal question jurisdiction. Plaintiffs' complaint presents a claim arising only under state law. It does not allege any federal claims whatsoever.

### Diversity Jurisdiction

Defendant does not invoke the court's diversity jurisdiction under 28 U.S.C. § 1332, and this court finds no basis for it anyway. Federal district courts have jurisdiction over civil actions in which the matter in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and is between citizens of different states. 28 U.S.C. § 1332. As a California defendant, Gonzalez cannot remove this case here. Spencer v. U.S. Dist. Ct. for Northern Dist. of California, 393 F.3d 867, 870 (9th Cir. 2004) ("It is thus clear that the presence of a local defendant at the time removal is sought bars removal."); 28 U.S.C. § 1441(b)(2) (stating that a case "may not be removed if any of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."). In any event, the complaint indicates that the amount in controversy does not exceed $10,000. Moreover, unlawful detainer actions involve the right to possession alone, not title to the property. So, the fact that the subject property may be worth more than $75,000 is irrelevant. MOAB Investment Group, LLC v. Moreno, No. C14-0092EMC, 2014 WL 523092 at *1 (N.D. Cal., Feb. 6, 2014); Maxwell Real Estate Investment LLC v. Bracho, No. C12-02774RMW, 2012 WL 2906762 at *1 (N.D. Cal., July 13, 2012).

### Civil Rights Removal Jurisdiction

Defendant nevertheless argues that removal is proper under 28 U.S.C. § 1443(1), which

2

"provides an exception to the well-pleaded complaint rule, allowing a party to remove an otherwise unremovable action where the party is asserting a federal claim of race discrimination that 'cannot [be] enforce[d]' in the state courts." Deutsche Bank Nat'l Trust Co. v. Young, No. C-14-3170 EMC, 2014 WL 7336696, at *1 (N.D. Cal., Dec. 23, 2014) (citing 28 U.S.C. § 1443(1) and City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 824-28 (1966)).[1] A successful petition for removal under Section 1443(1) must satisfy a two-part test. First, the petitioner must assert, as a defense, "rights that are given to [her] by explicit statutory enactment protecting equal racial civil rights." Patel v. Del Taco, Inc., 446 F.3d 996, 999 (9th Cir. 2006) (citations omitted). "Second, petitioners must assert that the state courts will not enforce that right, and that allegation must be supported by reference to a state statute or a constitutional provision that purports to command the state courts to ignore the federal rights." Id.

Here, defendant seems to assert that plaintiffs have violated California Code of Civil Procedure § 128.7, which "provides that when an attorney or party presents a pleading, motion, or similar paper to the court, an implied 'certification' as to its legal and factual merit is made, and is subject to sanctions for violation of this certification." Canterbury Lots 68, LLC v. De La Torre, No. CV 13–00712 MMM (RZx), 2013 WL 781974 at *4 (C.D. Cal., Feb. 28, 2013) (citation omitted). Defendant further states that "rules of evidence and civil procedure are applied without equal protection" and that the "State Court is typically backed by the appellate department in similar matters . . . ." (Dkt. 1, Notice of Removal at ECF pp. 2, 3). And, she says this case involves "violations of Defendant's civil rights on the basis of [her] national origin, namely Hispanic (as a US citizen)." (Id. at p. 3).

Defendant's attempt to remove under 28 U.S.C. § 1443(1) fails because she does not identify any "state statute or a constitutional provision that purports to *command* the state courts to ignore [her] federal rights" or any "formal expression of state law that prohibits [her] from

---

[1] Defendant does not claim that removal of this matter is based on 28 U.S.C. § 1443(2), and there is nothing to indicate that defendant has any right of removal under that subsection of the statute anyway. See Peacock, 384 U.S. at 824 (holding that § 1443(2) "confers a privilege of removal only upon federal officers or agents and those authorized to act with or for them in affirmatively executing duties under any federal law providing for equal civil rights").

3

enforcing [her] civil rights in state court . . ..." Patel, 446 F.3d at 999 (emphasis added); see also Canterbury Lots 68, LLC, 2013 WL 781974 at *5 (remanding an unlawful detainer action where the defendant "does not, and cannot, identify any California state law or constitutional provision that commands state courts to ignore an amendment to the U.S. Constitution."); Fed. Home Loan Mortgage Corp. v. Cantillano, No. CV 12-01641 GAF (CMx), 2012 WL 1193613 at *3 (C.D. Cal., Apr. 9, 2012) (remanding an unlawful detainer action where the defendants did "not identify any California state law or California constitutional provision that denies them the opportunity to raise their civil rights in the California courts" and instead "argue[d] only that these rights were denied in their case and that unspecified provisions of the California Civil Code governing non-judicial foreclosures and judicial evictions cause the violation of Hispanics' civil rights in all unlawful detainer proceedings."). Moreover, defendant's allegations, which are entirely conclusory, are insufficient to invoke federal jurisdiction. Gross Mortgage Corp. v. Al-Mansur, No. C12-cv-03508-YGR, 2012 WL 3237183 at *4 (N.D. Cal., Aug. 6, 2012) (stating that "section 1443(1) "will not provide jurisdiction where allegations of discrimination are conclusory and lacking factual basis.").

Accordingly, this court finds that there is no basis for removal. <u>Defendant is advised that repeated attempts to remove this matter may result in sanctions.</u>

Because the parties have yet to consent to the undersigned's jurisdiction, this court ORDERS the Clerk of the Court to reassign this case to a District Judge. The undersigned further RECOMMENDS that the newly assigned judge remand the case to the Santa Clara County Superior Court. Any party may serve and file objections to this Report and Recommendation within fourteen days after being served. 28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72.

Dated: August 14, 2017

HOWARD R. LLOYD
United States Magistrate Judge

4

5:17-cv-04514-HRL Notice has been electronically mailed to:

Michael T. Stoller     michael.stoller@stollerlawgroup.com, alexis.martin@stollerlawgroup.com, mdattaray@dattaraylaw.com

Todd Bennett Rothbard     toddrothbard@att.net